# EXHIBIT D

DECLARATION

I, Meesha Johnson, declare under penalty of perjury as follows:

1. I am a resident of Suffolk County. I am a member of the Shinnecock Indian Nation and reside on the Shinnecock reservation. My 17-year old daughter resides with me, and we both receive Medicaid and other public services and benefits, including Supplemental Nutrition Assistance Program ("SNAP") benefits from the Suffolk County Department of Social Services ("DSS").

2. I have been a recipient of Medicaid and SNAP through DSS for more than ten years.

3. I am blind and I am a kidney transplant recipient. I rely on Medicaid for continuing treatment of my disabilities, including ongoing dialysis for my kidney transplant. I require dialysis treatment three times per week, and Medicaid covers both the dialysis itself and transportation to and from the dialysis center. I rely on SNAP to have enough food for myself and my daughter.

4. I must recertify for Medicaid and SNAP every twelve months to maintain the benefits. Since at least 2016, I have repeatedly requested that DSS provide all agency documents required for me to complete in order to continue participation in Medicaid either electronically or in some format that a person with visual impairments such as myself can access. DSS has repeatedly ignored or denied these requests.

5. For example, in September or October 2016, I requested DSS to provide me accessible application materials to recertify for continued participation in Medicaid, but they did not do so. I alternatively requested that the agency provide me with assistance in filling out the forms. Neither the case worker I spoke with nor that caseworker's supervisor would agree to offer any of these accommodations, and they told me to arrange for someone to fill out the forms. The supervisor further told me it would be "a conflict of interest" if they helped me fill out the forms.

6. I was never given a written denial of my ADA reasonable accommodation request, nor was I ever informed that I could challenge the denial by filing an ADA grievance.

7. Following this encounter, I sought advice from an attorney at Nassau Suffolk Legal Services (NSLS), and I then contacted Suffolk DSS' ADA Grievance Officer by phone to request that they accept my grievance about this failure to accommodate my disability over the phone, but they refused to provide any assistance to me and insisted that I appear in person to file a grievance.

8. I ultimately obtained assistance from NSLS to complete my Medicaid application.

9. In May 2017, I graduated with a Bachelor of Science degree in psychology from St. Joseph's College and, later that fall, began a Masters program in Social Work at Stonybrook University. In January 2018, I had to take a medical leave of absence due to kidney failure, but was able to return to school in January 2019.

10. In September or October 2017, I again requested DSS to provide me accessible application materials to recertify for continued participation in Medicaid, but they did not do so. After I spoke with the worker's supervisor, and I requested several more times for assistance, the supervisor arranged for a worker to assist me in completing an application by phone, but complained to me that DSS was not required "to do this."

11. DSS never responded in writing to my ADA reasonable accommodation request for application forms in an accessible format, nor was I ever informed that I could challenge the denial by filing an ADA grievance.

12. In August 2018, I again did not receive accessible application materials to recertify for continued participation in Medicaid, and as a result I was unaware of my deadline to reapply and missed the "grace period" for filing a late recertification application.

13. I discovered that my Medicaid coverage had been terminated when my dialysis center told

me that my coverage was cut off and my transportation was no longer covered.

14. I contacted DSS to find out what had happened to my Medicaid benefit. I was told that multiple recertification applications were sent to my address and were never returned to DSS. I stated that I had requested multiple times that the recertification applications be sent to me in an accessible format, but had not received anything.

15. The DSS worker replied that there was nothing that DSS could do about the termination of my Medicaid coverage, but that I could reapply.

16. I asked to speak to a supervisor and was given the telephone number to the DSS Commissioner's office. I then called the Commissioner's office to find out what could be done about my Medicaid benefit. I stated that, most urgently, I needed transportation to and from dialysis treatments. The man who answered the telephone promised to call me back.

17. I got a call from him a few days later, saying that a representative from the Nassau Suffolk Hospital Council would come to my home to assist me with completing a new Medicaid application. The representative who came to the house to assist me told me that follow-up documentation from my physician would be required to process this application.

18. Since I did not have Medicaid at the time I had no insurance to cover a visit with a physician to obtain this documentation.

19. On August 15, 2018, I contacted Nassau Suffolk Law Services (NSLS) to get help in this matter. A lawyer there agreed to email DSS on my behalf that same day to request immediate restoration of Medicaid while my "new" application remained pending, and to demand a written response to my prior requests for reasonable accommodations (i.e. the provision of recertification application materials in a format that is accessible to me).

20. A few days later, my lawyer received an email from DSS stating that my Medicaid had been

reinstated.

21. The supervisor in the DSS Medicaid unit wanted to know my preferred type of alternative format (large print, data CD, braille, audio CD) so that she could add the appropriate indicator to my Medicaid file and reissue the recertification application.

22. DSS had sent a CD to me, but it did not work because I did not have the proper technology to read the CD.

23. In November, I received a letter from DSS in a font too small for me to read. My daughter looked at the letter and told me it was about a SNAP recertification.

24. I called DSS on November 26, 2018, explained that I could not read the recertification letter, and asked once again for assistance. I was told that someone would call me back, but that I should not worry, because the recertification was not due until December 28.

25. I received another letter from DSS, again in a font that I could not read. My daughter told me that the letter said that I missed a telephone call from DSS and that she (my daughter) would be required to help me to fill out the SNAP recertification.

26. An Empire Justice Center attorney emailed Stephen Kramarcik, Center Manager of the DSS Riverhead Center, to ask that I be accommodated and assisted in completing my SNAP recertification without interruption of benefits.

27. My attorney submitted an ADA compliance complaint to DSS on my behalf. After this complaint was made, DSS granted me an extension of my SNAP benefits until January 31, 2019, and told that I would receive all future SNAP recertification material in large print. I cannot read the documents in large print, but can tell from the thickness of the envelope that it may be information that requires a response.

28. When I had not received anything from DSS by March, 2019, I called DSS and was

interviewed on the telephone. I was told that I needed to submit a letter from Social Security regarding the benefit that my daughter receives and when it would end, as she is now 18 years old and graduating from high school. I submitted that information.

29. I then received another letter from DSS. The document was partially typed and partially handwritten and seemed to be about other information required for SNAP eligibility. I could not read it and had no idea what it said. I did not respond.

30. At the beginning of May 2019, I no longer had SNAP funds on my benefits (EBT) card. I received no notice or explanation for the termination of SNAP benefits.

31. I was very discouraged, but decided to call DSS again towards the end of May.

32. On June 3, 2019, a DSS worker returned my call and I learned that my SNAP benefit was discontinued because I had failed to respond to a written request for further information that I could not read at all.

33. I asked that my SNAP benefit be reinstated retroactively because DSS failed to provide me with application materials that she could access. The DSS worker replied that DSS had no obligation or capability to provide its follow-up requests for information in an accessible format and that neither she nor her supervisor could reinstate the SNAP benefits.

34. On June 6, 2019, the Empire Justice attorney filed an ADA compliance complaint on my behalf with DSS. The complaint stated that DSS had repeatedly refused to provide notices and communications relating to my SNAP and benefits in an electronic format that was accessible to me, and that my SNAP benefits were going to be discontinued because of my supposed failure to respond to a request for recertification information, which I obviously couldn't read. The complaint requested that DSS provide SNAP and Medicaid notices and communications to me in an electronic format that was accessible to me, in addition to a contact person to assist with any

problems.

35. DSS responded to the complaint in a June 10th email to my lawyer. The email stated that my SNAP benefits had been reactivated and that it had “determined” that a reasonable accommodation of “large print notices would work the best” for me.

36. A DSS worker also called me and told me that SNAP would be reinstated retroactively and that the only information I still needed to provide was proof of my daughter’s income. I asked whether I would receive notices electronically in the future and was told that DSS could not do that, but that I would receive all documents in large print and a DSS would call to go over the information with me on the telephone.

37. I am relieved that my daughter and I will continue to receive SNAP benefits, but worry that we could lose SNAP or Medicaid again. DSS has promised to provide written information before in an accessible format, but has repeatedly failed to do so. Moreover, large print documents do not really help me in being able to complete an application on my own, as I cannot read them. As a result, I will be dependent upon a DSS worker to call me who understands the assistance I need and will follow through. Based on my past experiences with DSS, I think it is unlikely that DSS will provide me with appropriate accommodations in the future.

38. DSS’s repeated denials of my requests for reasonable accommodation in the form of accessible notices and forms have caused me harm and hardship. These experiences have created a lot of stress in my life. Because I have a chronic illness and require medically

necessary care, it is very stressful to worry about potentially missing appointments due to DSS' failure to provide reasonable accommodations to me in the Medicaid recertification process.

39. Last summer, when our Medicaid was cut off, my daughter was unable to get a meningitis vaccine that she needed for school and the school threatened to bar her from entering if she did not obtain it.

40. Our SNAP benefits were cut off earlier this year because DSS failed to inform me that I needed to provide additional information to complete the application. My daughter and I live on very limited income and SNAP is important for our nutrition and health.

41. I submit this declaration in support of Plaintiffs' Class Action Complaint challenging the failure of Defendant Frances Pierre, Commissioner of the Suffolk County DSS to provide reasonable accommodations to give applicants and recipients with disabilities equitable access to the benefits and programs she administers

Dated: July _____2019
Central Islip, New York,

Meesha Johnson

Meesha Johnson