# EXHIBIT H

# AFFIDAVIT

I, Tiffany [redacted] declare under penalty of perjury as follows:

1. I live with my husband and six children in Bay Shore in Suffolk County.
2. My family and I receive Family Assistance (TA), Supplemental Nutrition Assistance Program (SNAP) and Medicaid benefits from the Suffolk County Department of Social Services (SCDSS).
3. I have Anxiety Disorder and Attention Deficit Disorder, which makes it difficult for me to understand and remember instructions, to maintain attention and concentration, to interact well with other people in stressful situations. I have trouble with directions when driving or using public transportation and with keeping track of paperwork and appointments.
4. In April 2017, SCDSS sanctioned me from TA and SNAP. The notice I received was dated April 12, 2017, and stated that the sanction was due to: "failure to attend SUFFOLK WORKS CREW SOUTHWEST BABYLON RAIL ROAD BABYLON, NY 11702 OR REPORT TO DEPT OF LABOR BY 12:00 PM BEGINNING 2/14/17 WHICH IS THE NEXT SCHEDULED DAY AT THE WORKSITE. Beginning on February 14, 2017, TIFFANY N. SMITH's attendance at this assignment was unsatisfactory….."
5. At the time the sanction was issued, SCDSS had in my case file a "Psychiatric Assessment of Employability" from my psychiatrist that I had given them on July 11, 2016. It describes my disabilities and how they limit different activities in my life. In the

assessment, my psychiatrist stated that I could not work. Also in my case file was an independent medical assessment from Industrial Medicine Associates from November 2016, that stated that I am very limited in performing complex tasks independently and that "a high stress work environment is contra-indicated" for me.

6. Despite these written assessments, when I went to the Department of Labor (DOL), the SCDSS Employment Unit office on February 7, 2017, they handed me a notice and told me that I had to go to a pick up location the next morning and would be transported to my work assignment from there. I was told to sign the notice and follow the instructions.

7. I was never told by SCDSS that I had a right to appeal the assignment or ask for help based on my disabilities. I was never told that I could request a reasonable accommodation if I was having trouble following SCDSS's instructions and requirements because of my disabilities.

8. The next day was a Wednesday. I went to the pickup point that morning and worked that day. The next morning there was a snow storm. I called the worksite and they told me not to come to work. The following day was Friday and I did not go to work because the supervisor had told us on Wednesday not to come in that Friday. The following three days were a weekend and a holiday and I stayed home on those days.

9. On Tuesday, February 14, I went back to DOL in the morning to find out what I should do next. A DOL worker told me that there was a problem, and that I should come back the next day with paperwork.

10. I did not understand what he was requesting, but returned on February 16 with some documents. I gave them to the secretary and was told I could go home and that I would get a notice.

11. After February 16, I remained in contact with DOL and let them know when I was working.

12. I was also assigned by DOL to a Veterans Services office one day. I was told to answer the phones, but not given any instructions. At the end of the day, I was told I could leave and did not need to come back again.

13. On April 12, 2017, I received a notice telling me that I was being sanctioned because I did not go back to an assigned worksite in the week of February 14, 2017.

14. My husband read the notice and requested a fair hearing for me so that my benefits would be continued.

15. After I got a notice of the fair hearing, I contacted Nassau Suffolk Law Services to ask for advice on what to say at the hearing. The attorney I talked to told me to go to the hearing and ask for the hearing packet and an adjournment, which I did.

16. The next day, I met with the NSLS attorney, who looked at the papers I brought from the hearing and told me she would try to help me.

17. NSLS then helped me request a reasonable accommodation based on the limitations described in the assessment that my psychiatrist send to DSS. The NSLS attorney told me that DOL had ignored the assessment in assigning me to work. The request that my attorney wrote for me and gave to SCDSS asked that "unless and until SCDSS adopts work requirement procedures and policies to accommodate my disabilities, "I should be exempt from all work requirements effective 7/11/16, or in the alternative not be sanctioned if I fail to do what I needed to for the job because of my disabilities. . I also asked that SCDSS withdraw the sanction notice.

18. We submitted the request to SCDSS on August 2, 2017, and it was immediately denied.

My attorney filed a grievance with the (unnamed) SCDSS ADA compliance officer the same day.

19. On August 29, 2017, my attorney received an email from Marie Buday, Assistant to the Commissioner, denying my grievance

20. However, in the meantime, I attended a Fair Hearing with my advocate on August 14, 2017, in which we submitted documents and a legal brief explaining the issues. We also submitted an updated assessment from my psychiatrist stating that I could not work. The Fair Hearing was adjourned.

21. On September 8, 2017, my attorney was informed that SCDSS was withdrawing the sanction. I was also informed that the Employability Unit of SCDSS had determined that I was work exempt based on my disabilities.

22. I and my family have successfully continued to receive public benefits up to the present.

23. Without the assistance of my attorney, we would have lost some of those benefits in July 2017, due to a sanction because I failed to comply with a work assignment that I could not complete because of my disabilities.

24. Without the assistance of my attorney, I would not have learned that I had a right to ask for help or a reasonable accommodation from SCDSS because of my disabilities, or that I had a right to challenge a denial of my request for help or an accommodation. Even though SCDSS knew about my disabilities, and even though they stopped my benefits, they never told me about my rights to request a reasonable accommodation, or fight a decision to deny my request.

25. I submit this affidavit in support of Plaintiffs' Class Action Complaint and Motion for Class Certification challenging the failure of SCDSS to give reasonable accommodations

to give applicants and recipients with disabilities equitable access to the benefits and programs he administers.

Dated: October 24, 2018
Islandia New York,

[redacted]

Tiffany [redacted]

Sworn before me on this 24th day of

October ________, 2018,

Patricia D. Caruso

Notary Public

PATRICIA D. CARUSO
Notary Public, State of New York
No. 52-4745216
Qualified in Suffolk County
Term Expires November 30, 2021